MARY S. R. TURNER *et al.* agt. JOSEPH DAVIS.

An order granted by a supreme court commissioner, staying proceedings until plaintiff's attorney produces his authority for commencing an action of eject-ment, should state some place at which plaintiff's attorney is to produce the authority; merely signing his name as a "Judge of the County Courts," &c., is not sufficient.

*February Term,* 1846.

MOTION by defendant to set aside default, &c., for irregu-larity.

This was an action of ejectment, brought to recover posses-sion of a farm in Saratoga county, which the defendant claimed in fee. The authority to commence the suit, nor a copy thereof, of C. Stevens, plaintiffs' attorney, was served on the defendant. On the 4th November last, an order [*87] *was granted by Thomas J. Marvin, Judge of Saratoga county courts and counsellor in this court, ordering a stay of proceedings in the cause until plaintiffs' attorney pro-duced his authority to commence the suit, of which the follow-ing is a copy ("Title of the cause"); "On the within affida-vit ordered that Cyrus Stevens, Esqr., acting as attorney for the plaintiffs in this cause, do produce his authority for com-mencing this action in the name of the plaintiffs therein, and all proceedings on the part or in the names of the plaintiffs therein are hereby stayed, until such authority be produced. November 4, 1845. Thos. J. Marvin, Judge of Saratoga county courts, counselor in supreme court." On the 5th De-cember last, a copy of the order and affidavit upon which it was granted, was served on the plaintiffs' attorney. Defend-ant's attorney stateu that he had not been served with a copy of the authority, or notice thereof, in pursuance of the order; and had not been served with any order or rule vacating the order of the judge, or any notice to vacate the order. On the 17th November last, plaintiffs' attorney entered judgment by default.

It was objected to by plaintiffs' counsel that the order of the

judge did not designate any time or place when and where plaintiffs' attorney should produce his authority, and for that reason plaintiffs' attorney had a right to disregard it.

J. C. HULBERT, *defendant's counsel and attorney.*
C. STEVENS, *plaintiffs' counsel and attorney.*

BRONSON, Chief Justice. Plaintiffs' attorney was right in disregarding the order to produce authority ; the order should have stated some *place* where authority should be produced ; it should have been before the officer at his office or some other place.

The defendant may be let in on terms. Motion granted, on payment of costs of default and subsequent proceedings, and $7 costs of opposing motion. One other cause. between the same plaintiffs and a different defendant, decided the same.